Exhibit A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

ANDREA J. MOSBY MEACHEM,

    Plaintiff,

v.                                                                                          No. 2:14-cv-02156-JTF-dkv

MEMPHIS LIGHT, GAS AND WATER DIVISION,
a division of the City of Memphis, Tennessee,

    Defendant.

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

Plaintiff submits for the Court's consideration the following proposed jury instructions to be read (1) at the commencement of trial after the jury is seated; and (2) prior to jury deliberations. Plaintiff reserves the right to supplement or revise these instructions as necessary depending on the outcome of unresolved issues raised by the parties before or during trial.

**A.** **PRELIMINARY INSTRUCTIONS FOR USE AT THE COMMENCEMENT OF TRIAL**

<u>P-1: General</u>

Ladies and Gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.[1]

---

[1] 8th Cir. Civil Jury Instr. No. 1.01 (2011) (modified).

Exhibit A

## P-2: Nature of Case

The party who brings a lawsuit is called the "plaintiff." The party against whom a lawsuit is brought is called the "defendant." In this case, the Plaintiff is Andrea J. Mosby Meachem, an attorney who is employed by Defendant Memphis Light, Gas and Water Division, a division of the City of Memphis, Tennessee.

The Plaintiff brought this case under the Americans with Disabilities Amendments Act of 2008 and the Tennessee Human Rights Act. The Americans with Disabilities Amendments Act of 2008 (also known as the ADA-AA) is a federal law that prohibits an employer from discriminating against an employee on the basis of a disability. Similarly, the Tennessee Human Rights Act (also known as the THRA), prohibits discrimination by an employer against an employee on the basis of pregnancy. Both of these laws also prohibit an employer from retaliating against an employee for making or filing a charge of discrimination on the basis of his or her disability.

In this case, the Plaintiff claims that the Defendant discriminated against her on the basis of her disability by failing to make a reasonable accommodation for her disability in the context of her employment. Plaintiff also claims that Defendant discriminated against her on the basis of pregnancy. Finally, Plaintiff claims that the Defendant retaliated against her due to her making a claim of discrimination. The Defendant denies these claims.

## P-3: Outline of Trial

The trial will proceed in the following manner:

First, the Plaintiff's attorney will make an opening statement. Next, the Defendant's attorney will make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

Exhibit A

      The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine the witnesses Plaintiff calls to testify. Following the Plaintiff's case, the Defendant may present evidence, and Plaintiff's counsel may cross-examine the witnesses Defendant calls to testify. Plaintiff may then choose call any rebuttal witnesses.

      After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. I will instruct you further on the law. After that, you will retire to deliberate on your verdict.[2]

P-4: Conduct of the Jury

      Finally, to insure fairness, you as jurors must obey the following rules during trial, including any recesses:

      First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

      Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

      Third, during this trial, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it.

      Fourth, during the trial you should not talk with or speak to any of the parties, attorneys or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If any attorney, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

---

[2] 8th Cir. Civil Jury Instr. No. 1.06 (2011) (modified).

Exhibit A

Fifth, it may be necessary for you to tell your family, close friends and other people about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, not to tell you anything they know or think they know about this case, and not to discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, evidence, or anything else related to this case. This includes face-to-face communications, as well as any electronic device or media, such as the telephone, a cell or smart phone, iPhone, Blackberry, tablet, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter.

Sixth, do not do any research – on the Internet, in libraries, in the newspapers, or in any other way – or make any investigation about this case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the attorneys, or the judge.

Seventh, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

Eighth, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.[3]

---

[3] 8th Cir. Civil Jury Instr. No. 1.05 (2011) (modified).

## B. <u>INSTRUCTIONS BEFORE DELIBERATIONS</u>

<u>P-5: Introduction</u>

Members of the Jury:

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

You must not be influenced by sympathy, bias, prejudice or passion.

You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions as a whole and regard each in the light of all the others.

Now let me outline for you the parts of the charge so that you can follow it more easily.

Exhibit A

First, I will outline the claims in this case. Second, I will instruct you as to the burden of proof and upon which party the law places that burden in the case, and I will give you some rules to help you as you consider the evidence. Third, I will outline for you the law to apply in determining the legal issues with respect to liability. Fourth, I will instruct you on your role in determining damages. Finally, I will explain to you about the form of your verdict.[4]

<u>P-6: The Parties and the Nature of Plaintiff's Claims</u>

In this case, as you know, the Plaintiff is Andrea J. Mosby Meachem, an attorney who is employed by Defendant Memphis Light, Gas and Water Division, a division of the City of Memphis, Tennessee.

The Plaintiff brought this case under the Americans with Disabilities Amendments Act of 2008 and the Tennessee Human Rights Act. The Americans with Disabilities Amendments Act of 2008 (also known as the ADA-AA) is a federal law that prohibits an employer from discriminating against an employee on the basis of a disability. Similarly, the Tennessee Human Rights Act (also known as the THRA), prohibits discrimination by an employer against an employee on the basis of pregnancy. Each of these laws also prohibit an employer from retaliating against an employee for making or filing a charge of discrimination on the basis of his or her disability.

In this case, the Plaintiff claims that the Defendant discriminated against her on the basis of her disability by failing to make a reasonable accommodation for her disability in the context of her employment. Plaintiff also contends that Defendant discriminated against her on the basis of pregnancy. Finally, Plaintiff claims that the Defendant retaliated against her due to her making a claim of discrimination. The Defendant denies these claims.

---

[4] Standard Civil Jury Instructions (W.D. Tenn.) (J. Donald) (modified).

Exhibit A

## P-7: Burden of Proof

You have probably heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does **NOT** apply in civil cases such as this case. You should, therefore, put it out of your minds.[5]

In this case, the Plaintiff must merely prove her claims by a preponderance of the evidence. To "establish by a preponderance of the evidence" simply means to prove that something is more likely so than not so. In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[6]

## P-8: Credibility of Witnesses

You, as members of the jury, are judges of the facts concerning the controversy involved in this lawsuit. In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who has appeared before you, and to give the testimony of the witnesses the weight, faith, credit and value to which you think it is entitled.

You can consider the manner and demeanor of witnesses while on the stand and whether the witness impressed you as one who was telling the truth or not. You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he testified; the interest of the witness in the result of the lawsuit; if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand, or if the witness

---

[5] 8th Cir. Civil Jury Instr. No. 3.04 (2011).
[6] Standard Civil Jury Instructions (W.D. Tenn.) (J. Donald) (modified). See also Disner v. Westinghouse Elec. Corp., 726 F.2d 1106, 1109 (6th Cir. 1984) (citing In re Winship, 397 U.S. 358, 371 (1970) (Harlan, J., concurring), quoting F. James, Civil Procedure 250-251 (1965)).

7

said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your judgment, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict in the testimony of the witnesses, it is your duty to reconcile that conflict if you can. The law presumes that every witness has attempted to and has testified to the truth. But if there is a conflict in the testimony of the witnesses which you are not able to reconcile, then it is up to you to determine which ones of the witnesses you believe.

The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular state of facts. Rather, it depends on the weight, credit and value of the total evidence on either side of the issue, and it is your job to determine this.[7]

### P-9: Direct and Circumstantial Evidence

You may consider both direct and circumstantial evidence in determining liability in this case.

By way of explanation, direct evidence is testimony by a witness about what that witness personally saw or heard or did. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you

---

[7] Standard Civil Jury Instructions (W.D. Tenn.) (J. Donald) (modified).

Exhibit A

could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[8]

### P-10: Deposition Testimony

Certain testimony has been read into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing and/or videotape. You are to consider that testimony as if it had been given in court.[9]

### P-11: Evidence; Limitations.

I have mentioned the word "evidence" several times in these instructions, and you have heard it mentioned during trial. "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated (that is, formally agreed to by the parties); and any facts which I have told you are facts in this case. Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by attorneys are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Attorneys have a right and sometimes an obligation to object

---

[8] Johnson v. Shinseki, No. 08-2472-BBD-tmp (W.D. Tenn. Nov. 16, 2010) (Jury Instructions) (modified).
[9] Standard Civil Jury Instructions (W.D. Tenn.) (J. Donald).

9

when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I have stricken from the record, or told you to disregard, are not evidence and must not be considered.

5. Anything you have seen or heard about this case outside the courtroom is not evidence unless I have specifically told you it is.[10]

### P-12: The Law

Turning now to the legal theories in the case, it is my duty to tell you what the law is. If an attorney or party has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you. That is my duty, but it is your duty, and yours alone, to determine what the facts are and after you have determined what the facts are, to apply the law as I give it to you, free from any bias, prejudice or sympathy, either one way or the other.[11]

### P-13: The Americans with Disabilities Amendments Act of 2008

Under the ADA-AA, it is unlawful for an employer to discriminate against an employee on the basis of his or her disability. An employer discriminates against an employee on the basis of disability when it fails to make reasonable accommodations to the known physical or mental limitations of the employee. Here, Plaintiff claims that the Defendant failed to reasonably accommodate her disability.[12]

---

[10] 8th Cir. Civil Jury Instr. § 1.02 (2011) (modified).
[11] Standard Civil Jury Instructions (W.D. Tenn.) (J. Donald).
[12] 42 U.S.C. § 12112(a), (b)(5)(A).

Exhibit A

P-14: "Disability" under the ADA-AA

Plaintiff must prove by a preponderance of the evidence that she had a "disability." A person is deemed to have a "disability" under the ADA-AA when they suffer from a physical or mental impairment that substantially limits one or more major life activities, when they have a record of such an impairment, or when they are regarded as having such an impairment.

In this case, Plaintiff claims that she falls into the first category, referred to as "actual disability," because she suffered from a physical impairment that substantially limited one or more major life activities. The ADA-AA states that the operation of a major bodily function is a major life activity, and that the reproductive function is a major bodily function. Plaintiff claims that she was substantially limited due to her impaired reproductive system during her pregnancy, which required her to be placed on bed rest for a period of time. [13]

P-15: Essential Functions

The term "essential functions" means a job's fundamental duties. It does not include the marginal functions of the position.[14] Factors to consider in determining whether a particular function is essential include written job descriptions, the business judgment of the employer, the amount of time spent performing the function, and the work experience of past and present employees in the same or similar positions. Additionally, the Plaintiff's own experience on the job in the Attorney III position can be considered.[15]

---

[13] 42 U.S.C. § 12102(1), (2)(B).

[14] 42 U.S.C. § 12111(8); Third Circuit, *Model Civil Jury Instructions* 9.2.1 (July 2012).

[15] See 29 C.F.R. § 1630.2(n)(2); see also Hall v. United States Postal Serv., 857 F.2d 1073, 1079 (6th Cir. 1988)("Such a determination should be based upon more than statements in a job description and should reflect the actual functioning and circumstances of the particular enterprise involved."); see 29 C.F.R. § 1630.2(n)(3)(stating that "[e]vidence of whether a particular function is essential includes, *but is not limited to*" the listed factors) (emphasis added); see also 29 C.F.R. § 1630, app. § 1630.2(n) ("[T]he list [of factors included in § 1630.2(n)(3)] is *not exhaustive*.") (emphasis added).

11

Exhibit A

<u>P-16: Reasonable Accommodation</u>

A reasonable accommodation may include, but is not limited to, job restructuring, part-time or modified work schedules, and other similar accommodations. In this case, Plaintiff claims that she requested a reasonable accommodation in the form of being allowed to work from home while on bed rest during the remainder of her pregnancy.[16]

Under the ADA-AA, the employee also bears the burden of proposing a reasonable accommodation. Once the employee requests an accommodation, the employer has a duty to engage in an interactive process to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations. The interactive process requires communication and good-faith exploration of possible accommodations.[17]

<u>P-17: Failure to Accommodate Elements</u>

When a plaintiff alleges a disability discrimination claim upon an employer's failure to accommodate her disability:

(1) The plaintiff bears the burden of establishing that she is disabled;

(2) The plaintiff bears the burden of establishing that she is "otherwise qualified" for the position despite her disability:

    (a) without accommodation from the employer;

    (b) with an alleged "essential" job requirement eliminated; or

    (c) with a proposed reasonable accommodation;

---

[16] 42 U.S.C. § 12111(9).
[17] <u>Johnson v. Cleveland City Sch. Dist.</u>, 443 F. App'x 974, 982-83 (6th Cir. 2011); <u>Kleiber</u>, 485 F.3d at 871 (citing <u>Barnett v. U.S. Air, Inc.</u>, 228 F.3d 1105, 1114 (9th Cir. 2000)).

(3) The defendant employer bears the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.[18]

### P-18: Affirmative Defense – Undue Hardship

A defense to a claim of failure to accommodate is that providing a reasonable accommodation would impose an undue hardship on the operation of the defendant's business. Here, it is the Defendant's burden to prove this defense by a preponderance of the evidence.

"Undue hardship" means an action requiring significant difficult or expense when considered in light of the following factors:

(1) the nature and cost of the accommodation,

(2) the financial and personnel resources of the affected facility,

(3) the resources of the employer as an entity, and,

(4) the structure and functions of the employer's workforce.[19]

For example, to demonstrate that the cost of an accommodation poses an undue hardship, an employer would have to show that the cost is undue as compared to the employer's budget.[20]

### P-19: Retaliation under the ADA-AA

Plaintiff also claims that the Defendant retaliated against her in violation of the ADA-AA. The anti-retaliation protection of these laws provide that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she requested an accommodation. Plaintiff claims that she was retaliated against for requesting an accommodation.

---

[18] See Kleiber v. Honda of Am. Mfg., Inc., 485 F.3d 862, 869 (6th Cir. 2007) (citing Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 452 (6th Cir. 2004)).
[19] See 42 U.S.C. § 12111(10)(B)
[20] See 29 C.F.R. pt. 1630 app. §1630.15(d)

Exhibit A

To establish her claim of retaliation, the Plaintiff must prove that:

(1) She requested an accommodation under the ADA-AA;

(2) Defendant took an action that a reasonable employee would have found materially adverse; and

(3) Defendant would not have taken the challenged employment action but for Plaintiff requesting an accommodation.

A "materially adverse" action is any action by the employer that is likely to discourage a reasonable worker in the Plaintiff's position from exercising her rights under the ADA-AA.[21]

### P-20: Retaliation under the THRA

Plaintiff alleges that the Defendant retaliated against her for exercising her rights under the THRA. In order to prevail on her claim of retaliation, Plaintiff must prove:

(1) that she engaged in an activity protected by the THRA;

(2) that the exercise of her protected rights was known to the Defendant;

(3) that the defendant thereafter took a materially adverse action against her; and

(4) there was a causal connection between the protected activity and the materially adverse action.

An individual engages in an activity protected by the THRA when she files a complaint of discrimination under the THRA.[22] A "materially adverse" action is any action by the employer that is likely to discourage a reasonable worker in the Plaintiff's position from exercising her rights

---

[21] 42 U.S.C. § 12203(a); Model Employment Law Jury Instructions, Faculty of Federal Advocates, http://static1.1.sqspcdn.com/static/f/3449839/24965411/1401403251917/Model_Employment_Law_Jury_Instructions.pdf?token=VVeR7rf9%2FeDhvsfzBQ%2BitxS0SLo%3D, p. 48-49 (modified).

[22] Sykes v. Chattanooga Hous. Auth., 343 S.W.3d 18, 29 (Tenn. 2011) (quoting Allen v. McPhee, 240 S.W.3d 803, 820 (Tenn. 2007)); Tenn. Code Ann. § 4-21-301.

under the THRA.

P-21: Pregnancy Discrimination under the THRA

Under the THRA, it is unlawful for an employer to discriminate against a person on the basis of pregnancy with regard to the terms, conditions, or privileges of employment. Plaintiff claims that Defendant discriminated against her on the basis of pregnancy by failing to accommodate her pregnancy by not allowing her to work from home, despite allowing non-pregnant employees to work from home for non-pregnancy related medical conditions.

P-22: Compensatory Damages

In this case, if you find in favor of the Plaintiff on any of her claims you will need to determine if the Plaintiff is entitled to compensatory damages, and if so, the amount of compensatory damages.. In an order to recover compensatory damages for any injury claimed by the Plaintiff, the Plaintiff must prove that the Defendant's acts were a proximate cause of the harm sustained by the Plaintiff.

Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the Defendants and the injury sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damages was a reasonably foreseeable consequence of the Defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of the Defendant's acts or omissions, it was proximately caused by such act or omission. In other words, if the Defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of

two or more persons may operate at the same time, either independently or together, to cause an injury.

In this case, if you find that the Defendant is liable to Plaintiff on any of her claims, you may award the Plaintiff reasonable compensation for the following:

-- Worry, distress, depression, anxiety, sleeplessness, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, humiliation, embarrassment, and shame.

Compensatory damages for mental and emotional distress will not be presumed but must be proven by competent evidence. However, emotional injuries may be proved without medical support. Indeed, a plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden. Further, a plaintiff is not required to put on evidence of the specific monetary value of such intangible things such as, worry, distress, depression, anxiety, sleeplessness, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment, and shame. There is no exact standard for fixing the compensation to be awarded for these damages. Also, the law does not require a plaintiff to prove her losses with mathematical precision. On the other hand, you may not avoid damages simply on speculation or guesswork. Any award must fairly compensate the plaintiff you are considering for her injury but must have a basis in the evidence and be reasonable in the light of that evidence.

<u>P-23: Closing Instructions</u>

Finally, ladies and gentlemen, we come to the point where we will discuss the form of your verdict and the process of your deliberations. As an initial matter, nothing in the instructions that I have given nor any ruling or remark that I have made in this case should be interpreted as giving an opinion as to what your verdict should be.

Exhibit A

You will be taking with you to the jury room a verdict form that will reflect your findings. The verdict form reads as follows:

**[READ VERDICT FORM]**

You will be selecting a foreperson after you retire to the jury room. That person will preside over your deliberations and be your spokesperson here in court. When you have completed your deliberations, your foreperson will fill in and sign the verdict form. Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each of you agree to that verdict. That is, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

We will be sending with you to the jury room all of the exhibits in the case. You may have not seen all of these previously and they will be there for your review and consideration.

You may take a break before you begin the case. However, you may not deliberate at any time unless all eight of you are present together in the jury room.

Some of you have taken notes. I remind you that these are for your own individual use only and are to be used by you only to refresh your recollection about the case. They are not to be shown to others or otherwise used as a basis for your discussion about the case.

You will take the verdict form to the jury room and when you have reached a unanimous

Exhibit A

agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Court's security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify the vote of the jury at the time.[23]

<u>P-24: Use of Technology to Conduct Research on or Communicate about the Case</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, tablet or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.[24]

---

[23] Standard Civil Jury Instructions (J. Donald) (modified).
[24] <u>Johnson v. Shinseki</u>, No. 08-2472-BBD-tmp (W.D. Tenn. Nov. 16, 2010) (Jury Instructions) (modified).