**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DISTRICT**

_____

|  |  |  |
|---|---|---|
| ANDREA J. MOSBY MEACHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS | ) | Case No.  14-cv-2156-JTF |
| | ) | |
| MEMPHIS LIGHT, GAS AND WATER | ) | |
| DIVISION, a Division of the City of | ) | |
| Memphis, Tennessee, | ) | |
| | ) | |
| Defendant. | ) | |

**CLOSING INSTRUCTIONS**

_____

The evidence in this case has been completed and it is my duty now to instruct you as to the law.  The law applicable to this case is stated in these instructions, and it is your duty to carefully consider all of them.  The order in which these instructions are given is not an indication of their relative importance. You should not single out one or more of them to the exclusion of another or others, but you should consider each one in the light of and in harmony with the others.

You are the exclusive judges of the facts in this case.  Also, you are the exclusive judges of the law under the direction of the Court.  You should apply the law to the facts in deciding this case.  You should consider all of the evidence in the light of your own observations and experience in life.

At times during the trial I have ruled upon the admissibility of evidence. You must not concern yourself with these rulings.  Neither by such rulings, these

instructions, nor any other remarks which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be.

Statements, arguments and remarks of counsel are intended to help you in understanding the evidence and applying the law, but they are not evidence. If any statements were made that you believe are not supported by the evidence, you should disregard them. You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only the sworn testimony of the witnesses who have testified here in court, any stipulations of the parties, and the exhibits that I allowed into evidence. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. Even my legal rulings, comments and questions are not evidence.

## CREDIBILITY OF WITNESSES

You should consider all the evidence presented in this case by both parties, and give it a full, fair and impartial consideration. Part of your responsibility is to determine what the facts are, based on what you heard from the witnesses. If there are conflicts in the testimony of different witnesses, it is your duty to reconcile them, if you can, for the law presumes that every witness has told the truth. But when you cannot reconcile the statements of different witnesses, then you must decide which witness or witnesses you believe and

how important their testimony was.   You do not have to accept or reject everything a witness said.   You are free to believe all, none or part of any person's testimony.  But you should act reasonably and carefully in making these decisions.

In forming your opinion as to which witness you believe, let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to evade questions?

(E)  Ask yourself if the witness had any relationship to the parties, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If

you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any numbers of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## STIPULATION

Now, a word about stipulations of the parties.  A stipulation is simply an agreement between the parties regarding an evidentiary matter.  Merely because a stipulation was presented to you and introduced into evidence does not mean that you are bound to accept the contents of the stipulation as true.  The same as with any other piece of evidence; it is up to you to decide whether you choose to rely upon it.  You are directed to give the stipulation such weight and value, if any, as you think it deserves along with all the other evidence in the case.

## HYPOTHETICAL QUESTION

In this case, some witnesses were asked to assume that certain facts were true and to give opinions based upon those assumptions.  These are called hypothetical questions.  You must determine if any fact assumed by the witness has not been established by the evidence and the effect of that omission, if any, upon the value of the opinion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.  One type of evidence is called direct evidence and the other type is called circumstantial evidence.

Direct evidence is those parts of the testimony admitted in court which referred to what happened and was testified to by witnesses who saw or heard or otherwise sensed what happened first hand.  If witnesses testified about what they themselves saw or heard or otherwise sensed, they presented direct evidence.

Circumstantial evidence is all the testimony and exhibits which give you clues about what happened in an indirect way. It is simply a chain of circumstances that indirectly proves a fact. It consists of all the evidence which is not direct evidence.  Do not assume that direct evidence is always better than circumstantial evidence.   According to our laws, direct evidence is not necessarily better than circumstantial evidence.  Either type of evidence can prove a fact if it is convincing enough.  The court instructs you that you may consider both kinds of evidence, which are of equal value in the law.

## BURDEN OF PROOF - PREPONDERANCE OF EVIDENCE

The plaintiff has the burden of proving its claims against the defendant and any resulting damage by a preponderance of the evidence.   The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a

preponderance of the evidence, a party must convince you that the allegation is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

## DISCRIMINATION CLAIMS

Ms. Mosby Meachem has brought claims of employment discrimination under federal and state law for discrimination.  The federal law claim alleges disability discrimination in violation of The Americans with Disabilities Act of 2008, As Amended. (Also known as The "ADA").  Her state law claim alleges pregnancy discrimination in violation of the Tennessee Human Rights Act. (Also known as the "THRA").

The ADA prohibits an employer from discriminating against an otherwise qualified employee on the basis of the employee's disability or handicap. It is unlawful for an employer not to provide reasonable accommodations for a known physical or mental limitation of an otherwise qualified individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

The Tennessee Human Rights Act prohibits an employer from discriminating against a person because of the person's pregnancy.

In many respects, the federal and state laws cited above are the same. In some respects, however, they are different. I will instruct you as to where federal and state laws are the same, and where they differ.

### ELEMENTS OF THE DISCRIMINATION CLAIM UNDER FEDERAL LAW

While, the ADA requires employers to reasonably accommodate their disabled employees, it does not endow all disabled persons with a job—or job schedule—of their choosing.

In order for Ms. Mosby Meachem to prevail against the Division on her claim of disability discrimination, she has the burden of proving, by a preponderance of the evidence, each of the following things:

**First**, that she had a "disability" as defined by the ADA;

The parties stipulate and agree that Ms. Mosby Meachem had a disability as defined by the ADA.

**Second**, that she was an otherwise "qualified individual" for her job position;

**Third**, that the Division knew she had a disability;

The parties stipulate and agree that the Division knew of the disability.

**Fourth**, that she sufficiently requested a "reasonable accommodation" from the Division;

**Fifth**, that the Division unlawfully failed to provide Ms. Mosby Meachem with her requested accommodation or to provide her with any other reasonable accommodation for her disability; and

**Sixth**, that this failure to provide Ms. Mosby Meachem with a reasonable accommodation adversely affected the terms, conditions, or privileges of her employment.

If you find that Ms. Mosby Meachem has failed to prove any of these things by a preponderance of the evidence, then your verdict should be for the Division. If you find that Ms. Mosby Meachem has proven every element by a preponderance of the evidence, you must then consider the Division's affirmative defenses which are explained later. Defendant has the burden of proving its affirmative defenses by a preponderance of the evidence. If the party fails to meet its burden of proof as to any defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that defense.

I will now provide an explanation of each of the elements of the disability discrimination claim that Ms. Mosby Meachem has the burden of proving.

### FIRST ELEMENT OF ADA CLAIM- DISABILITY

First, Ms. Mosby Meachem has the burden of proving that she had a "disability." As I told you before, the parties agree and stipulate that Ms. Mosby Meachem had a disability as defined by the ADA.

## SECOND ELEMENT OF ADA CLAIM- QUALIFIED INDIVIDUAL

Second, Ms. Mosby Meachem has the burden of proving that she was an "otherwise qualified individual."

A qualified individual with a disability is a person who meets legitimate skill, experience, education, or other requirements of an employment position that she holds or seeks, and who can effectively perform the essential functions of the position with or without reasonable accommodation.

If an employee cannot fully perform essential functions of her job and is therefore not qualified, the employer is not required to provide the employee with the requested accommodation.

In order to prove that she was "otherwise qualified" under federal law, Ms. Mosby Meachem has the burden of proving that she could have effectively performed the essential functions of her job with or without her proposed accommodation.

Ms. Mosby Meachem bears the initial burden of proposing an accommodation and showing that the accommodation is objectively reasonable.

If the Division claims that Ms. Mosby Meachem was unqualified to perform the essential functions of the job, even with the proposed accommodation, then Ms. Meachem has the burden of proving that she would in fact be qualified for the job if the employer were to adopt the proposed accommodation.

## ESSENTIAL FUNCTIONS

The "essential functions" of a job are the fundamental duties associated with a particular position. A job function is essential if its removal would fundamentally alter the position.  It is the Division's burden to prove that a job function is essential.

A job function may be considered essential because: 1) the position exists to perform that function; 2) there are a limited number of employees available among whom the performance of that job function can be distributed; or 3) the function is highly specialized, such that the individual is hired specifically for his or her expertise or ability to perform the particular function.

In determining the essential functions of a job, you may consider the following factors among other things:

(1) the employer's judgment as to which functions of the job are essential;

(2) the written job description;

(3) the amount of time spent on the job performing the function in question;

(4) the consequences of not requiring performance of the function;

(5) the work experience of persons who have held the job in the past; and

 (6) the experience of persons who currently hold a similar job.

You may also consider Plaintiff's experience on the job as an Attorney III. However, the essential functions of a job are not based solely on the employee's personal viewpoint and specific experience.  On the other hand, the employer's judgment is not just what the employer says but what the employer does.

Regular, in-person attendance may be considered an essential job function.  Specifically, with regard to telecommuting, an employer may refuse a telecommuting request when, among other things, the employee's job requires face-to-face interaction and coordination of work with other employees, in-person interaction with outside colleagues, clients, or customers, and immediate access to documents or other information located only in the workplace. None of this is to say that whatever the employer says is essential means that it automatically becomes essential.  It is the Division's burden of proving that a challenged job function is essential, and therefore a business necessity.   With regard to telecommuting as a proposed accommodation, you must determine not only if Ms. Mosby Meachem could perform her essential job functions from her bed, while restricted to bed rest, but you must also determine whether Ms. Mosby Meachem could effectively perform her essential job functions from her bed, while on bed rest.

Your inquiry into the essential functions of Ms. Mosby Meachem's job does not require her employer to lower its standards by altering her job's essential functions.  Although a job function may be performed infrequently, it may still be considered an essential function.

## THIRD ELEMENT OF ADA CLAIM- EMPLOYER'S KNOWLEDGE OF DISABILITY

Third, Ms. Mosby Meachem has the burden of proving the Division knew of her disability.  Again, the parties stipulate and agree that the Division knew of Ms. Mosby Meachem's disability.

## FOURTH ELEMENT OF ADA CLAIM- REASONABLENESS OF EMPLOYEE'S ACCOMMODATION REQUEST

Fourth, Ms. Mosby Meachem has the burden of proving that she requested a reasonable accommodation from her employer. In this case, Plaintiff claims that she requested a reasonable accommodation in the form of being allowed to work from home while on bed rest for 11 weeks.

The phrase "reasonable accommodation" appears throughout these instructions. An "accommodation" is a modification or change in the work environment or in the way things are usually done, so that an employee with a disability can perform the essential functions of her job, or so that an employee with a disability can enjoy the same benefits and privileges as an employee without a disability.

To be a "reasonable accommodation," the modification or change must be feasible or plausible under the circumstances.  A reasonable accommodation may include, but is not limited to, job restructuring, part-time or modified work schedules, and other similar accommodations. However, an employer does not have to provide an accommodation that would eliminate one or more of the essential functions of the job, or would cause undue hardship on the employer. Employers are required to provide a reasonable accommodation to individuals who are "otherwise qualified," so long as the accommodation does not cause the employer undue hardship.   I will explain the Affirmative Defense of Undue Hardship later in these instructions.

While reasonable accommodation may require that marginal functions be shifted or reallocated to other employees, the ADA does not require the shifting or reallocation of essential functions to other employees.

The fact that an accommodation was provided in the past to Ms. Mosby Meachem under different circumstances or to persons not working in the Attorney III position does not necessarily mean the particular accommodation requested in this matter is a reasonable one. Instead, you must determine its reasonableness under all the evidence in the case.

## FIFTH ELEMENT OF ADA CLAIM- EMPLOYER'S FAILURE TO PROVIDE REASONABLE ACCOMMODATION

Fifth, Ms. Mosby Meachem has the burden of proving that the Division failed to provide her with a reasonable accommodation.

The Division was not required to provide the specific accommodation requested or preferred by Ms. Mosby Meachem. The Division needed only provide some reasonable accommodation, if such an accommodation was available.

If, however, the employer does not immediately provide the requested accommodation, it may not simply reject the request and stop there. Rather, the employer is required to engage in an informal, interactive process with the employee to try to determine what the employee needs and to identify whether any reasonable accommodation can be made. During this interactive process, the employer or employee might identify alternative accommodations that would be effective in removing the workplace barrier, if any, impeding the employee

with a disability.  Leave, and even extended leave, can constitute a reasonable accommodation under the ADA.  A reasonable accommodation could include permitting an employee to use accrued paid leave, disability insurance benefits, and/or additional unpaid leave.  This is for you to decide.

When an employer offers a reasonable counter accommodation the employee cannot demand a different accommodation.  An employee cannot force her employer to provide a specific accommodation if the employer offers another reasonable accommodation.  The intent of the ADA is that there be an interactive process between the employer and the employee in order to determine whether there is a reasonable accommodation that would allow the employee to perform the essential functions of her job. Both the employer and the employee must cooperate in this interactive process in good faith, once the employer has been informed of the employee's request for a reasonable accommodation.

### SIXTH ELEMENT OF ADA CLAIM- ADVERSE EFFECT ON EMPLOYMENT

Sixth, and finally, Ms. Mosby Meachem has the burden of proving that any failure by the Division to provide a reasonable accommodation adversely affected the terms, conditions, or privileges of her employment.

The phrase "terms, conditions, and privileges of employment" is not limited to compensation, hours, and duties of the employee, but also encompasses matters such as the working conditions and environment at the place of

employment. Any adverse effect must be material, that is, it may not be insignificant or unimportant.

## ELEMENTS OF THE DISCRIMINATION CLAIM UNDER STATE LAW

Let me turn now to Ms. Mosby Meachem's claim of pregnancy discrimination under the Tennessee Human Rights Act (THRA). As to this claim, Ms. Mosby Meachem has the burden of proving, by a preponderance of the evidence, each of the following things:

**First**, that she was pregnant;

**Second**, that she suffered an adverse employment action;

**Third**, that her pregnancy was the motivating factor in the Division's decision not to accommodate her.

**Fourth**, that as a result of the Division's actions, Ms. Mosby Meachem suffered some harm in her employment.

## AFFIRMATIVE DEFENSES

## THE DIVISION'S AFFIRMATIVE DEFENSES TO DISCRIMINATION CLAIMS

If you find that Ms. Mosby Meachem has proved each element of her ADA claim and/or her THRA claim, you must decide whether the Division has established any of its affirmative defenses.

**THE DIVISION'S AFFIRMATIVE DEFENSE-BUSINESS NECESSITY**

The Division may justify an employment practice or decision-making process that results in adverse or disparate impact on a particular person by proving that it is job-related and consistent with business necessity.  An employment practice or decision-making process is job related if it has a clear relationship or connection to the job or position in question.  An employment practice or decision-making process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine the Division has proved its employment practice or decision-making process is job-related and consistent with business necessity, then you must decide in favor of defendant despite the adverse impact.

If you determine Ms. Mosby Meachem proved by a preponderance of the evidence the Division had a suitable alternative that would have resulted in a lesser adverse impact and defendant refused to adopt it, then you must decide in favor of Ms. Mosby Meachem.

A suitable alternative is one that would have also served the Division's interest in safe, efficient and successful job performance.

**AFFIRMATIVE DEFENSE- UNDUE HARDSHIP**

If you find that Ms. Mosby Meachem has proved all of the elements of her disability discrimination claim that I previously described to you by a preponderance of the evidence, then you must consider the Division's defense.

The Division has the burden of proving their defense by a preponderance of the evidence.  The Division contends that providing Ms. Mosby Meachem's proposed accommodation would cause an undue hardship on the operation of the Division's business. Under the ADA, the Division does not need to accommodate Ms. Mosby Meachem if it would cause an "undue hardship" to its business.  An employer can demonstrate undue hardship in light of the structure of its operations and the degree of disruption that would be associated with the accommodation.

An undue hardship is defined as "requiring significant difficulty or expense."

In determining whether an accommodation would impose an undue hardship, factors to be considered among others include:

(i) the nature and cost of the accommodation;

(ii) the Division's overall financial resources; the number of persons employed; the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the Division;

(iii) the overall financial resources of the Division; the overall size of the business of an entity with respect to the number of its employees; the number, type, and location of its facilities; and

(iv) the type of operations of the Division, including the composition, structure, and functions of the workforce of such entity; the

geographic separateness, administrative, or fiscal relationship of

the facility in question to the entity.

If you find that the Division has proved by a preponderance of the evidence that

such accommodation would create an undue hardship, you must find for the

Division.


## AFFIRMATIVE DEFENSE- GOOD FAITH EVALUATION

The Division asserts that after Ms. Mosby Meachem informed the Division

of her disability and requested an accommodation, the Division made good faith

efforts to consult with Ms. Mosby Meachem in order to identify and make a

reasonable accommodation that would not cause an undue hardship on the

operation of the Division's business. The Division carries the burden to prove by

a preponderance of the evidence that it made a good faith effort to identify and

make a reasonable accommodation for Ms. Mosby Meachem.

Compensatory damages may not be awarded on an ADA reasonable

accommodation claim if the Division demonstrates good faith efforts, in

consultation with Ms. Mosby Meachem, to identify and make a reasonable

accommodation that would provide her with an equally effective opportunity and

would not cause an undue hardship on the operation of the Division's business.

Therefore, the Division may avoid damages by demonstrating that it in good faith

engaged in the interactive process required by the ADA and tried to find a

reasonable accommodation for Ms. Mosby Meachem.

If you find by a preponderance of the evidence that the Division made a good faith effort to identify and make a reasonable accommodation for Ms. Mosby Meachem, then you have found that the Division established its affirmative defense, and you will not decide the issue of Ms. Mosby Meachem's damages. But if you find that the Division has not established this affirmative defense, you must decide the damages issue.

## RETALIATION CLAIM

Ms. Mosby Meachem has also brought retaliation claims under federal and state law based on The Americans with Disabilities Act, As Amended (or the ADA), and Tennessee Human Rights Act (or the THRA). Both of these laws prohibit an employer from retaliating against an employee on the basis of the employee engaging in protected activity, that is, Ms. Mosby Meachem filing a lawsuit against the Division. The Division denies Ms. Mosby Meachem's claim and asserts that any decisions made or actions taken regarding her performance appraisal were decisions made pursuant to neutral employment policies that apply to all Division employees who are, or were similarly situated to Ms. Mosby Meachem.

## SHIFTING BURDENS OF PROOF

1. As to both the ADA and the THRA claims, Ms. Mosby Meachem has the burden of initially proving, by a preponderance of the evidence, each of the following things:

**First,** that she engaged in legally protected activity;

**Second**, that the Division knew about Ms. Mosby Meachem's exercise of her right to participate in legally protected activity;

**Third**, that the Division then took a materially adverse employment action against Ms. Mosby Meachem at or after the time of her protected activity;

**Fourth**, that Ms. Mosby Meachem's protected activity was the cause of the Division's alleged adverse employment action.

**Fifth**, that Ms. Mosby Meachem suffered compensatory damages because of the adverse employment action.

2. If Ms. Mosby Meachem is able to prove all of these five elements, then the burden of proof shifts to the Division to articulate and prove by a preponderance of the evidence a legitimate, nondiscriminatory reason for its action(s).

3. Lastly, if the Division successfully meets their burden, the burden shifts back to Ms. Mosby Meachem to prove by a preponderance of the evidence  that the Division's reasons are not the real reasons for its action, and that the Division's real reason was unlawful.

### FIRST ELEMENT OF RETALIATION CLAIM- PROTECTED ACTIVITY

First, Ms. Mosby Meachem has the burden of proving that she engaged in legally protected activity. In this case "Protected Activity" means bringing this lawsuit.

**SECOND ELEMENT OF RETALIATION CLAIM- EMPLOYER'S KNOWLEDGE**

Second, Ms. Mosby Meachem has the burden of proving the Division knew about her participation in legally protected activity.

**THIRD ELEMENT OF RETALIATION CLAIM- ADVERSE EMPLOYMENT ACTION**

Third, Ms. Mosby Meachem has the burden of proving that the Division then took a materially adverse employment action against her when her supervisor included certain negative comments in Ms. Mosby Meachem's performance appraisal. You must decide whether Ms. Mosby Meachem's supervisor including certain negative comments in Ms. Mosby Meachem's performance appraisal was a materially adverse employment action.

The term "materially adverse" means that Ms. Mosby Meachem must show that her supervisor's inclusion of certain negative comments in Ms. Mosby Meachem's performance appraisal was serious enough that it well might have discouraged a reasonable worker from filing a lawsuit against the Division. If the employment action would not affect a reasonable employee's decision to file a lawsuit against the Division, it is not an adverse employment action.

Such does not include petty slights or minor annoyances that often take place at work and that all employees experience. Personality conflicts at work that generate antipathy or hard feelings from supervisors and co-workers are not sufficient to prove this element.

To determine that the Division took an adverse employment action because of Ms. Mosby Meachem's protected activity, you must decide that the

Division would not have taken the action had Ms. Mosby Meachem not engaged in the protected activity, but everything else had been the same.

## FOURTH ELEMENT OF RETALIATION CLAIM- CAUSATION

Fourth, Ms. Mosby Meachem has the burden of proving that her supervisor would not have included certain negative comments in Ms. Mosby Meachem's performance appraisal but for Mosby Meachem's participation in protected activity – in this case the filing of a lawsuit against the Division.

The ADA prohibits retaliation that - but for an employee's statutorily protected activity - the employer would not have taken the adverse employment action.

You must find that Ms. Mosby Meachem's protected activity, that is the filing of a lawsuit against the Division, was the determining cause of the alleged retaliatory activity.

The timing of the alleged retaliatory action may suggest retaliatory motive. However, timing alone, without other indicators of retaliatory conduct, is not sufficient to establish causation.  Where the time elapsed between a protected activity and alleged retaliatory action is not so close as to be unduly suggestive, timing plus other evidence may be an appropriate test.

Ultimately, you must decide whether Ms. Mosby Meachem's filing of a lawsuit against the Division had a determinative effect on her supervisor's decision to include certain negative comments in Ms. Mosby Meachem's performance appraisal. "Determinative Effect" means that if not for Ms. Mosby-

Meachem's filing a lawsuit, Ms. Mosby Meachem's performance appraisal would not have included the negative comments about her.

## FIFTH ELEMENT OF RETALIATION CLAIM- DAMAGES

Fifth, Ms. Mosby Meachem has the burden of proving that she suffered damages because of the Division's allegedly adverse employment actions. In this case, the jury must find that Ms. Mosby Meachem's supervisor's inclusion of certain negative comments in Ms. Mosby Meachem's performance appraisal resulted in actual damage to Ms. Mosby Meachem.

## FIRST BURDEN SHIFT

If Ms. Mosby Meachem proves all of the above five retaliation elements, then the Division has the burden to provide a nondiscriminatory reason for its action(s).

The Division claims that Ms. Mosby Meachem's supervisor did not include certain negative comments in Ms. Mosby Meachem's performance appraisal because of Ms. Mosby Meachem's filing of a lawsuit against the Division. Instead, the Division claims that her supervisor took the actions for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But the Division may include certain negative comments in Ms. Mosby Meachem's performance appraisal for any other legitimate reason. If you believe the Division's reasons for its decisions,

and you find that the Division did not make its decision because of Ms. Mosby Meachem's protected activity, you must find in favor of the Division.

## SECOND BURDEN SHIFT

If the Division meets its burden, then Ms. Mosby Meachem has the burden of proving that the Division's stated reason is not the real reason for its action, and that the Division's real reason was unlawful.

In that regard, Ms. Mosby Meachem must prove that:

(1)   the Division's reasons had no basis in fact;

(2)  the Division's reasons did not actually motivate their actions; or

(3)  the Division's reasons were insufficient to motivate their action.

You may consider all of the evidence on this issue, whether direct or circumstantial, in making your decision of whether the Division's explanations were fabricated to conceal an unlawful motive.

## COMPENSATORY DAMAGES

Plaintiff bears the burden of proving that she suffered damages. If you find that the Division discriminated against Ms. Mosby Meachem based on her disability, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries Ms. Mosby Meachem proves were caused by the Division's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less.

Compensatory damages for mental and emotional distress will not be presumed but must be proven by competent evidence.   However, emotional

injuries may be proved without medical support.   Indeed, a plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden.

You may award compensatory damages for emotional distress, humiliation and embarrassment only.   If you award a sum for compensatory damages, that award must be fair, reasonable, and proportionate to the harm that Ms. Mosby Meachem actually suffered as a result of the Division's conduct. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Ms. Mosby Meachem prove the amount of her compensatory losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### AFFIRMATIVE DEFENSE- MITIGATION OF DAMAGES

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages.   For purposes of this case, the duty to mitigate damages required Ms. Mosby Meachem to be reasonably diligent in seeking to maintain her regular rate of pay during the time she was out on leave.  To prove that Ms.

Mosby Meachem failed to mitigate damages, the Division has the burden to prove by a preponderance of the evidence that: (1) benefits were available to Ms. Mosby Meachem which would have allowed her to receive regular pay during at least a portion of the time she was out on leave, and (2) Ms. Mosby Meachem did not make reasonably diligent efforts to utilize those benefits. However, if the Division shows that Ms. Mosby Meachem did not make reasonable efforts to obtain or inquire about the benefits, then the Division does not have to prove that the benefits were available.

If you find that the Division proved by a preponderance of the evidence that Ms. Mosby Meachem failed to mitigate damages, then you should reduce the amount of Ms. Mosby Meachem's damages by the amount she actually earned during her leave period and by the amount that could have been reasonably realized if Ms. Mosby Meachem had taken advantage of the additional benefits that would have allowed her to received her regular rate of pay while she was off work on leave.

You must not compensate Ms. Mosby Meachem for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.

## NOMINAL DAMAGES

Plaintiff bears the burden of proving that she suffered damages.  If you find in favor of Ms. Mosby Meachem on a claim, but you find that the damages have no monetary value, then you must return a verdict for Ms. Mosby Meachem in a nominal amount, such as $1.00.

**ECONOMIC DAMAGES**

Again, Plaintiff bears the burden of proving that she suffered damages.  If you find that the Division discriminated against Ms. Mosby Meachem based on her disability, then I will calculate and determine the appropriate amount of economic damages, if any, Plaintiff has proven, which may include back pay, lost benefits, and other pecuniary losses.

**JURORS' NOTES**

Members of the Jury, you have been allowed to take notes in this case. The Court charges you that these notes are for your individual use only, and you should not use said notes directly or indirectly, explicitly or implicitly to persuade other jurors as to the accuracy of said notes.  They should not be shown to others, nor compared, nor referred to in any way as authority, but should be used privately only by the maker of said notes as an aid to his individual memory.

**JURY DELIBERATION**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of

your deliberations do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience and is attached to these instructions.   At any time that you are not deliberating (i.e., when at lunch or during a break in deliberations), the folder, instructions and verdict form should be delivered to the Court Security Officer who will deliver it to the courtroom clerk for safekeeping.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention.  I will then respond as promptly as possible.   I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

I will have a copy of these instructions and the exhibits in this case sent back to you in the jury room.

Remember, you can have no sympathy or prejudice or allow anything but the law and the evidence to have any influence upon your verdict, and you must render your verdict with absolute fairness and impartiality.  Therefore, take the case, consider all the facts and circumstances fairly and impartially and report to the Court such verdict as truth dictates and justice demands.  You may now retire to begin your deliberations.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT COURT JUDGE